UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Luis Fernando Perez | : |
| Plaintiff, | : |
| v. | : |
| Ralph Altamura, and Altamura Landscaping, Inc., | : |
| Defendants. | : September 25, 2013 |

**COMPLAINT**

I. **INTRODUCTION**

1. This is an action brought by the plaintiff, Luis Fernando Perez, a landscape worker, against the defendants, Ralph Altamura, and Altamura Landscaping, Inc., arising from the defendants' failure to pay the plaintiff wages for his work. The plaintiff alleges violations of the overtime wage payment provisions of the federal Fair Labor Standards Act, including 29 U.S.C. §207; the Connecticut overtime wage payment law, Conn.Gen.Stat. §31-68; and the Connecticut wage payment statutes, Conn.Gen.Stat. §31-71a through §31-71i. As to each of these claims the plaintiff seeks double his unpaid wages for the defendants' willful violations of the FLSA, double his unpaid wages for the defendants' willful violations of Connecticut wage laws, and his reasonable attorney's fees and costs.

II. **JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

4. The plaintiff is Luis Fernando Perez, a resident of Stamford, Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce, and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6. Defendant Ralph Altamura is the president, director, and sole shareholder in defendant Altamura Landscaping, Inc., a Connecticut corporation. Defendant Altamura resides at and maintains a business address for Altamura Landscaping, Inc. at 1156 Newfield Avenue, Stamford, Connecticut.

7. At all times relevant to the Complaint, Ralph Altamura made all relevant decisions regarding the hiring, supervision, payment of wages, and maintenance of employment records with respect to the plaintiff.

8. At all times relevant to the Complaint, defendant Altamura Landscaping, Inc. was an enterprise engaged in commerce or the production of goods for commerce.

9. At all times relevant to the Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

IV.     STATEMENT OF FACTS

10.     Plaintiff Luis Fernando Perez was employed by the defendants performing landscape work from in or about March 14, 2012, until on or about December 3, 2012.

11.     The defendants offered to pay Perez $10.00 an hour for each hour that he worked, and Perez agreed.

12.     The defendants did not maintain an accurate record of the hours worked by the plaintiff.

13.     The defendants paid the plaintiff in cash, and did not provide him with an accounting of the straight time and overtime hours that he worked or the calculation of his wages.

14.     The plaintiff maintained a record of the days and the hours that he worked, and the wages that he was paid.

15.     The plaintiff regularly worked eight and one-half hours a day, with a one-half hour break for lunch.

16.     The plaintiff's hours varied from one week to the next, from a low of 36 hours to a high of 56 hours.

17.     The defendants paid the plaintiff in amounts that varied, from a low of $300.00 to a high of $450.00.

18.     Over the course of the plaintiff's employment he worked a total of 1,496 straight time hours, for which he should have been paid: 1,496 x $10.00/hour = $14,960.00. He also worked a total of 184 overtime hours, for which he should have been paid: 184 x $10.00/hour x 1.5 overtime premium = $2,760.00. Plaintiff's total earned wages were $17,720.00.

19.     Over the course of the plaintiff's employment, the defendants paid him total wages of $11,250.00.

20. The defendants owe the plaintiff $6,470.00, which includes both overtime and straight time wages.

21. Beginning on or about February 14, 2013. and continuing until on or about March 22, 2013, the plaintiff made several written demands upon the defendants for the wages that he is owed. The defendants have refused to pay the plaintiff.

## V.   COUNT ONE: FLSA OVERTIME VIOLATIONS (29 U.S.C. §207)

1. The plaintiff restates, realleges and incorporates by reference paragraphs 1 through 21, above.

22. The defendants failed to pay the plaintiff at least one and one-half times his regular hourly rate for each hour worked in excess of forty hours in a one week period.

23. The defendants' conduct as described above was in violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

24. The defendants' violation of the Fair Labor Standards Act was willful, in that the defendants failed to take steps to determine whether their method of compensating the plaintiff for his work was lawful, and refused the plaintiff's demands for payment of wages owed.

25. The plaintiff seeks overtime wages owed to him, an award of double damages, and an award of his reasonable attorney's fees and costs.

## VI.   COUNT TWO: CONNECTICUT OVERTIME VIOLATIONS (Conn.Gen.Stat. §31-68)

1. The plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 25, above.

26. The defendants failed to pay the plaintiff at least one and one-half times his regular hourly rate for each hour worked in excess of forty hours in a one week period.

27. The defendants' conduct as described above was in violation of Connecticut's overtime wage statute, Conn.Gen.Stat. §31-68.

28. The defendants' violation of Conn.Gen.Stat. §31-68 was willful, arbitrary, and/or in bad faith, in that the defendants failed to take steps to determine whether their method of compensating the plaintiff for his work was lawful, and refused the plaintiff's demands for payment of wages owed.

29. The plaintiff seeks overtime wages owed to him, an award of double damages, and an award of his reasonable attorney's fees and costs.

### VII. COUNT THREE: CONNECTICUT WAGE PAYMENT VIOLATION (Conn.Gen.Stat. §31-71a through §31-71i)

1. The plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 29, above.

30. The defendants failed to pay the plaintiff all of the wages that were owed to him each week.

31. The defendants' conduct as described above was in violation of Connecticut's wage payment statutes, Conn.Gen.Stat. §31-71a through Conn.Gen.Stat. §31-71i.

32. The plaintiff brings this action seeking unpaid wages pursuant to Conn.Gen.Stat. §31-72.

33. The defendants' violation of Conn.Gen.Stat. §31-71a through Conn.Gen.Stat. §31-71i was willful, arbitrary, and/or in bad faith, in that the defendants failed to take steps to determine whether their method of compensating the plaintiff for his work was lawful, and refused the plaintiff's demands for payment of wages owed.

34. The plaintiff seeks the wages owed to him, an award of double damages, and an award of his reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff requests that this Court:

1. Order the Defendants to pay to the Plaintiff all wages owed, consistent with the federal and Connecticut overtime, minimum wage, and wage payment laws;

2. Award the Plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b);

3. Award the Plaintiff liquidated or double damages for all wages owed pursuant to Conn.Gen.Stat. §31-68, and/or Conn.Gen.Stat. §31-72;

4. Award the Plaintiff his reasonable attorney's fees and costs;

5. Award the Plaintiff prejudgment and post-judgment interest.

5. Award the Plaintiff such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF

_____/ s /_____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com